164 A.3d 1124

STATE OF NEW JERSEY, PLAINTIFF, v. K.S., DEFENDANT.

Superior Court of New Jersey
Law Division
SUSSEX COUNTY
CRIMINAL PART

Decided: May 22, 2017—July 24, 2017

*Shaina Brenner*, Assistant Prosecutor, for plaintiff (*Francis A. Koch*, Sussex County Prosecutor, attorney).

*Leanne Healy*, Assistant Deputy Public Defender, for defendant (*Joseph E. Krakora*, Public Defender, attorney).

## OPINION

JAMES M. DEMARZO, J.S.C.

The instant case comes before the court by way of a petition for Drug Court expungement, filed by K.S.[1] ("defendant"), under

*N.J.S.A.* 2C:35–14(m). The State filed opposition. On March 31, 2017, oral argument was held on the matter. The gravamen of the State's objection is that the petitioner is currently barred under the "Drug Court" Expungement Statute, *N.J.S.A.* 2C:35–14(m)(1), which states in pertinent part that a petitioner is not eligible for expungement of his/her records under this subsection if the person was "convicted of any crime, or adjudged a disorderly person or petty disorderly person, during the term of special probation." (Emphasis added).

## HISTORY

Defendant's criminal court history reveals five total offenses. None of those convictions are non-expungable under *N.J.S.A.* 2C:35–14(m)(2). On January 7, 2013, defendant was sentenced to two years of probation with credit for ten days of jail time served for third degree eluding, in violation of *N.J.S.A.* 2C:29–2(b). During probation, two violations of probation ("VOP") were filed against defendant. Thereafter, on April 8, 2014, defendant was resentenced to three years of Passaic County Drug Court special probation.[2]

Prior to receiving his sentence to Drug Court, defendant was charged with hindering apprehension, in violation of *N.J.S.A.* 2C:29–3(b), on May 16, 2013, in Roxbury Township. Defendant was found guilty of that offense on November 13, 2014.

Additionally, defendant was charged with fourth degree theft by unlawful taking, in violation of *N.J.S.A.* 2C:20–3(a), on February 6, 2014. On December 15, 2014, defendant was found guilty in municipal court of said offense.

---

[1] Defendant's name has been abbreviated for purposes of protecting his identity as this opinion directly pertains to his expungement relief. To list his identity would frustrate his being granted an expungement.

[2] On February 12, 2015, defendant's matter was transferred from Passaic County to Sussex County.

Thus, prior to being admitted into special Drug Court probation, the defendant was charged with two new offenses; however, he was not "convicted" by way of pleading guilty to and being sentenced until after he was placed on special Drug Court probation. It should be further noted that during defendant's Drug Court special probation, he did not commit any new crimes. On October 13, 2016, defendant successfully graduated and was discharged from Drug Court. All parties agree that it would be highly unlikely that he would be facing a violation of probation by virtue of resolving the pending matters at the time he was placed into probation. He has not been charged or convicted of any new subsequent crimes after graduation. He does not have any crimes on his criminal case history that would bar the expungement, such as a robbery, etc.

## STANDARD OF REVIEW

When engaging in statutory interpretation, the overriding goal is to give effect to the Legislature's intent. *State v. D.A.*, 191 *N.J.* 158, 164, 923 *A.*2d 217 (2007). The best indicator of such intent is the plain statutory language selected by the Legislature. *Ibid.* (citing *State v. Perry*, 439 *N.J.Super.* 514, 523, 110 *A.*3d 122 (App. Div. 2015)). The words shall be ascribed their ordinary meaning and significance. *See DiProspero v. Penn*, 183 *N.J.* 477, 492, 874 *A.*2d 1039 (2005). In doing so, the words should be read in context with the related provisions to give sense to the legislation as a whole. *Ibid.* If the language is clear and unambiguous, and susceptible to only one interpretation, no further inquiry should be made. *Ibid.* However, if there is ambiguity in the language that could lead to more than one plausible interpretation, courts may consider extrinsic evidence, including legislative history, committee reports, and contemporaneous construction. *Id.* at 492–93, 874 *A.*2d 1039. Courts "may not 'rewrite a statute or add language that the Legislature omitted.'" *See State v. Munafo*, 222 *N.J.* 480, 120 *A.*3d 170 (2015) (citations omitted).

*N.J.S.A.* 2C:35–14(m) provides:

(1) The Superior Court may order the expungement of all records and information relating to all prior arrests, detentions, convictions, and proceedings for any offense enumerated in Title 2C of the New Jersey Statutes upon successful discharge from a term of special probation as provided in this section, regardless of whether the person was sentenced to special probation under this section, section 2 of *P.L.* 2012, c.23 (C.2C:35–14.2) or *N.J.S.* 2C:45–1, if the person satisfactorily completed a substance abuse treatment program as ordered by the court and was not convicted of any crime, or adjudged a disorderly person or petty disorderly person, during the term of special probation. The provisions of *N.J.S.* 2C:52–7 through *N.J.S.* 2C:52–14 shall not apply to an expungement pursuant to this paragraph and no fee shall be charged to a person eligible for relief pursuant to this paragraph. The court shall grant the relief requested unless it finds that the need for the availability of the records outweighs the desirability of having the person freed from any disabilities associated with their availability, or it finds that the person is otherwise ineligible for expungement pursuant to paragraph (2) of this subsection. An expungement under this paragraph shall proceed in accordance with rules and procedures developed by the Supreme Court.

(2) A person shall not be eligible for expungement under paragraph (1) of this subsection if the records include a conviction for any offense barred from expungement pursuant to subsection b. or c. of *N.J.S.* 2C:52–2. It shall be the obligation of the prosecutor to notify the court of any disqualifying convictions or any other factors related to public safety that should be considered by the court when deciding to grant an expungement under paragraph (1) of this subsection.

(3) The Superior Court shall provide a copy of the expungement order granted pursuant to paragraph (1) of this subsection to the prosecutor and to the person and, if the person was represented by the Public Defender, to the Public Defender. The person or, if the person was represented by the Public Defender, the Public Defender on behalf of the person, shall promptly distribute copies of the expungement order to appropriate agencies who have custody and control of the records specified in the order so that the agencies may comply with the requirements of *N.J.S.* 2C:52–15.

(4) If the person whose records are expunged pursuant to paragraph (1) of this subsection is convicted of any crime following discharge from special probation, the full record of arrests and convictions may be restored to public access and no future expungement shall be granted to such person.

(5) A person who, prior to the effective date of P.L. 2015, c.261 [April 18, 2016], was successfully discharged from a term of special probation as provided in this section, regardless of whether the person was sentenced to special probation under this section, section 2 of P.L. 2012, c.23 (C.2C 35–14.2), or *N.J.S.* 2C:45–1, may seek an expungement of all records and information relating to all arrests, detentions, convictions, and proceedings for any offense enumerated in Title 2C of the New Jersey Statutes that existed at the time of discharge from special probation by presenting an application to the Superior Court in the county in which the person was sentenced to special probation, which contains a duly verified petition as provided in *N.J.S.* 2C:52–7 for each crime or offense sought to be expunged. The petition for expungement shall proceed pursuant to *N.J.S.* 2C:52–1 et seq. except

that the requirements related to the expiration of the time periods specified in *N.J.S.* 2C:52-2 through section 1 of P.L. 1980, c.163 (C.2C:52-4.1) shall not apply. A person who was convicted of any offense barred from expungement pursuant to subsection b. or c. of *N.J.S.* 2C:52-2, or who has been convicted of any crime or offense since the date of discharge from special probation shall not be eligible to apply for an expungement under this paragraph. In addition, no application for expungement shall be considered until any pending charges are disposed. It shall be the obligation of the prosecutor to notify the court of any disqualifying convictions or any other factors related to public safety that should be considered by the court when deciding to grant an expungement under this paragraph. The Superior Court shall consider the person's verified petition and may order the expungement of all records and information relating to all arrests, detentions, convictions, and proceedings of the person that existed at the time of discharge from special probation as appropriate. The court shall grant the relief requested unless it finds that the need for the availability of the records outweighs the desirability of having the person freed from any disabilities associated with their availability, or it finds that the person is otherwise ineligible for expungement pursuant to this paragraph. No fee shall be charged to a person eligible for relief pursuant to this paragraph.

New Jersey courts have engaged in limited interpretation of *N.J.S.A.* 2C:35-14 ("the Drug Court statute"). *See State v. Bishop*, 429 *N.J.Super.* 533, 60 *A.*3d 806 (App. Div. 2013) (holding that a VOP resentencing for a defendant on special probation differs from a defendant on regular probation due to legislative intent to provide a separate regime for special probation defendants).

## LEGAL ARGUMENTS

Defendant argues that the legislative intent and interests of justice require granting his Drug Court expungement. Further, defendant indicates it would be fundamentally unfair to deny his petition since the expungement provision did not exist when he was sentenced to Drug Court special probation. The State counter-argues that the plain language of the statute requires denial despite the Legislature's intent.

## LEGAL ANALYSIS

Drug Courts began in New Jersey as pilot programs in the mid-1990s for Camden, Essex, Union, and Passaic Counties. The pilot programs were so successful that the Administrative Office of

the Courts ("AOC") sought to expand them throughout all the counties and obtain funding from the Legislature. Finally, in 2005, Drug Courts were operating in every New Jersey county.[3]

The legislative commentary from 1987 on the Drug Court statute is not directly helpful as it pertains to the issue at hand because it had not yet been amended to include an expungement section. However, the intent and goals of the Legislature come into focus in commentary from beginning to end. In its first words of the section it proclaims that Drug Court "provides for rehabilitative treatment as an alternative to incarceration in appropriate cases" and goes on to outline the forms of eligibility for admission into a rehabilitation program. Clearly, the focus of the Legislature was, and continues to be, rehabilitation and to move away from the earlier stance of immediate lengthy imprisonment for all defendants charged with drug offenses. It was a way to help keep the addicted offenders alive, rehabilitate their addiction and the person as a whole. Many of the eligible defendants have been in and out of the criminal justice system for decades. The patterns were all similar; addiction continued, crimes were committed to fuel the addiction, apprehension of the individuals by law enforcement, conviction, incarceration, and then release back into society. The cycle would then begin and repeat itself again and again. Treatment was usually an afterthought or suggestion to those being released without resources or direction to these individuals.

The Drug Court programs struck a delicate balance of effectuating the goal of rehabilitation while keeping pressure on the defendants to continue to work on true recovery and to stay free of new offenses being committed. The program is rigorous, and at times, difficult. The commentators warned:

Where the defendant's probation pursuant to this section is revoked for any reason, it is intended that the defendant would be resentenced to a custodial term, since the defendant would no longer be eligible for rehabilitative treatment and because

---

[3] See New Jersey Developments: New Jersey's Drug Courts: A Fundamental Shift From The War On Drugs To a Public Health Approach for Drug Addiction and Drug-related Crime, 64 Rutgers L. Rev. 795 (2012).

it would be inappropriate to place the defendant on regular probation which generally is less restrictive than the rehabilitation program contemplated by this section. It is intended, in this regard, that a revoked defendant would be resentenced to prison.

The commentary goes on to state that Drug Court special probation will require periodic urine testing throughout an entire probationary period to "ensure that a defendant placed on probation under this section will not be able to conceal continued drug usage."

This language is noteworthy because although the aim of the Drug Court statute is rehabilitation, it also serves as a last chance for defendants to defeat their addiction through intense probationary supervision instead of being sentenced to state prison. In other words, Drug Court is an extreme sentence due to the fact that the defendants who are eligible are suffering from severe drug addiction. It is important to understand that drug abuse is an extreme desire to obtain, and use, increasing amounts of one or more substances. Drug addiction, however, is the inability to stop using the drug and when the drug takes over the individual's every thought. Life becomes the addiction and all that will be necessary to continue the drug use, even if it involves resorting to criminal activity. The participants get thrust into a life-changing lengthy probationary supervision or face state prison. If they embrace the concept and structure of true recovery, they will leave the program sober, employed and as productive members of society. If they do not embrace the program and are terminated, they most likely will face state prison. More often than not, a defendant that receives Drug Court special probation will not have an easy time completing this form of probation due to such an addiction. On the other hand, those defendants that manage to graduate from Drug Court are truly rehabilitated and reformed. They should not achieve so much and yet continue to carry the stigma of a criminal record.

For many of these reasons, a Drug Court expungement is well-earned, yet also remarkable and extraordinary. It acts as further incentive to complete special probation. Hypothetically, a defen-

dant with twenty previous third degree burglary convictions may have their entire criminal history expunged upon graduation from Drug Court. Further, this is to occur without any waiting period traditionally associated with expungement practice. The Legislature was confident enough in the successful rehabilitative nature of Drug Court to grant such relief for graduates.[4]

█ In the instant case, defendant was sentenced to Drug Court special probation on April 8, 2014. During sentencing, two pending municipal cases had not been addressed. Defendant pleaded guilty to both municipal matters during his Drug Court special probation. Ultimately, defendant successfully graduated Drug Court special probation on October 13, 2016. Defendant was not charged with any new offenses while on special probation nor has he committed any subsequent crimes after graduation.[5]

The relevant portions of the Drug Court statute to the case at hand are found in subsections (1) and (5). Subsection one of *N.J.S.A.* 2C:35–14(m) applies to new Drug Court graduates post–April 18, 2016, while subsection five applies to those that graduated prior. Subsection one states that a defendant may receive an expungement if they are "not convicted of any crime, or adjudged a disorderly person or petty disorderly person, *during* the term of

---

[4] On December 23, 2014, the Legislature agreed to amend the Drug Court statute to allow graduates to expunge their entire criminal record, and, "in cases where a person is arrested but not convicted, requires the expungement of arrest records at the time the charges are dismissed." *See* A. 206 (2014). The expungement amendment was approved on January 19, 2016. The Honorable Glenn A. Grant, J.A.D., on May 23, 2016, through Administrative Directive 02–16, directed the Superior Courts on the protocol for Drug Court expungements. *A.O.C. Directive # 02–16, "Protocol for 'Drug Court Expungements' (N.J.S.A. 2C:35–14(m)) and Expungements of Arrests not Resulting in Conviction (N.J.S.A. 2C:52–6)* (May 23, 2016), http://www.judiciary.state.nj.us/attorneys/assets/directives/dir_02_16.pdf.

[5] Section five of *N.J.S.A.* 2C:35–14(m) provides that a defendant "who has been convicted of any crime or offense since the date of discharge from special probation shall not be eligible to apply for an expungement under this paragraph."

special probation." (Emphasis added). Alternatively, in certain instances, subsection five requires that "no application for expungement shall be considered until any pending charges are disposed." [6]

Defendant falls under the subsection applying to post–April 18, 2016 graduates. Although defendant's pending municipal matters were resolved after his Drug Court sentencing, he was not charged with any new offense during his special probation. Albeit technically he was convicted of the municipal offenses "during" his Drug Court probation, these pending cases were from previous arrests, not new crimes. Instead, similar to what commonly takes place on regular probation, defendant was allowed to go and resolve known pending outstanding court matters without the subsequent convictions qualifying as violations of probation.

As an aside, the court wishes to place into the record the extraordinary progress that this defendant made while in Sussex County Drug Court. While in Drug Court he was unfortunately involved in a devastating motor vehicle accident. A deer launched itself into the vehicle's windshield causing the defendant's body to shockingly impale the deer. His lungs collapsed and he suffered fractures of his vertebrae, various facial bones and his ribs, and he needed to be revived twice on the way to the hospital after being intubated by a good Samaritan doctor who came upon the crash. He also suffered severe swelling of the brain and was in a coma. It was doubtful at times that he was going to live.

His family refused opiate pain medication and the first words out of his mouth when he came out of his coma were, to the effect, "I cannot take opiates I am on Drug Court." He never took any opiate pain medication despite having every legitimate excuse to do so. He embraced the concept of recovery and was not going to

---

[6] The court must also determine if a petition for Drug Court expungement be denied because "the need for the availability of the records outweighs the desirability of having the person freed from any disabilities associated with their availability" or "finds that the person is otherwise ineligible for expungement pursuant to [the offenses barred in *N.J.S.A.* 2C:52–2]."

risk falling back into his old lifestyle, no matter what. This is the sort of effort that successful graduates of Drug Court exude. It is this life-changing effort that was recognized when the Legislature enacted the Drug Court expungement statute. As will be discussed herein, this court is highly doubtful that the intent of the Legislature was to bar successful graduates of Drug Court under similar circumstances.

The Court does not believe the Legislature intended that a defendant sentenced to special probation be penalized or excluded from obtaining an expungement under *N.J.S.A.* 2C:35–14(m) because of previous charges incurred prior to a Drug Court sentencing that remain outstanding at the time he or she receives a special probation sentence. The entire Drug Court statute is focused on rehabilitation. It was not the Legislature's intent to force defendants to stay in jail to resolve pending court matters before being sentenced to Drug Court special probation. That type of requirement impedes a defendant from beginning placement at a treatment program and is averse to the aim of special probation, which is rehabilitation. In fact, the court will take judicial notice that there are many Drug Court applicants who are currently approved and awaiting sentencing in this Vicinage who unfortunately have a pending municipal court matter, and sometimes companion Superior Court matters from other counties. Fearful that they will not be able to expunge their record upon successful graduation from Drug Court, they languish in the jail awaiting transports to municipal courts. Some have to arrange for sentencing of other Superior Court matters in other counties to occur first so as not to lose the right to expungement.

The way the statute is currently drafted, if a person were to be sentenced into Drug Court today and then go to a municipal court to resolve a pending under–50 grams of marijuana case, they are technically barred from the expungement under *N.J.S.A.* 2C:35–14(m). While the court certainly could understand the intent of the Legislature being that if a person is on special Drug Court probation and then is involved in criminal activity, charged and

convicted, that it would bar the extraordinary expungement relief offered under *N.J.S.A.* 2C:35–14(m), but it seems inconsistent with the philosophy of the expungement statute as a whole to bar the relief to an individual, with a pending matter, when sentenced into Drug Court. Of course, the court is cognizant of the fact that if the pending charge would otherwise disqualify an expungement, such as a robbery, the person would not be entitled regardless of the timing of the conviction. This court believes that the focus of the Legislature was to stop defendants from committing new crimes after placement on special probation, not to punish them for past pending indiscretions.

In fact, rather, the plain meaning of "during" is "throughout the course or duration of a specific time." That specific time is after a defendant is sentenced to special probation. It does not apply to pending charges incurred previously that, for whatever reason, have yet to be disposed. The focus of the Legislature was to stop defendants from committing new crimes after placement on special probation, not to punish them for past pending indiscretions.

This should translate to allow a new defendant sentenced to special probation, who falls under subsection one, the ability to address previous pending matters during Drug Court without losing their eligibility for expungement under *N.J.S.A.* 2C:35–14(m). This would ensure that defendants would receive prompt drug treatment rather than having to resolve often petty disorderly persons offenses prior to being sentenced into Drug Court. The goal of the Drug Court is to evaluate the need for a client's treatment and get them into it as soon as possible. In fact, there was a memorandum issued by Glenn A. Grant, J.A.D., Administrative Director of the Courts, advising municipal court judges to lift detainers on municipal court defendants who were about to be sent to inpatient treatment programs from the Drug Court. Again, this was intended so that a defendant would not have to sit in the county jail awaiting transport to the municipal courts and delaying much needed treatment. Some of the municipal courts would refuse to pick up the defendants and drop their detainer but only

after the defendant sat unnecessarily. Judge Grant's Memorandum was directly in keeping with the intent of the Legislature.

The court also agrees with defendant that denying this form of expungement under these circumstances would be fundamentally unfair. When defendant pleaded and was sentenced to special probation, the expungement provision in the Drug Court statute did not exist. It was not possible at that time for defendant or his counsel to foresee the future consequences of getting sentenced into special probation without resolving pending court matters. Actually, it is more likely that neither the State nor defendant thought it would have any future application considering the fact that under normal probation, defendants are allowed to resolve pending matters without concern that it will result in a VOP. With this being said, again, had a defendant graduated before the expungement statute went into effect but then was charged and convicted of a new offense, he or she would be bound and not be entitled to an expungement.

## CONCLUSION

For the above reasons, defendant's petition for expungement under *N.J.S.A.* 2C:35–14(m) is granted. However, note that pursuant to *N.J.S.A.* 2C:35–14(m)(4), if defendant is hereafter convicted of any crime, the full record of arrests and convictions may be restored to public access and no future expungement shall be granted. Expungement orders under *N.J.S.A.* 2C:35–14(m) should include a provision stating such to clearly indicate to the New Jersey State Police and other involved parties that this is a Drug Court expungement.